**Case No. 23-5248**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

**JOHN DOE #1, et al.,**
Plaintiffs/Appellees

v.

**WILLIAM B. LEE, et al.,**
Defendants/Appellants

---

**ON APPEAL FOR THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Case No. 3:21-cv-590**

---

**BRIEF OF JOHN DOE AS AMICUS CURIAE
IN SUPPORT OF APPELLEES AND AFFIRMANCE OF
THE DECISION OF THE UNITED STATES COURT OF APPEALS
FOR THE MIDDLE DISTRICT OF TENNESSEE
(Corrected)**

---

> **MARK E. BROWN (BPR #021851)**
> **MENEFEE & BROWN, P.C.**
> 2633 Kingston Pike, Ste. 100
> Knoxville, Tennessee 37919
> Phone: (865) 357-9800
> Fax: (865) 357-9810
> e-mail: mbrown@menefeebrown.com
>
> *Attorney for John Doe in Case No. 3:20-cv-407 pending in the United States District Court for the Eastern District of Tennessee*

1

# **TABLE OF CONTENTS**

INTEREST OF AMICUS CURIAE……………………………………………..1

AMICUS CURIAE STATEMENT REQUIRED BY FED. R. APP. P. 29(a)(4)(E)……………………………………………………………………….2

INTRODUCTION……………………………………………………………….2

ARGUMENT……………………………………………………………………..3

    I.    THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE PROPERLY APPLIED THE BINDING PRECEDENT OF *DOE V. SNYDER* WHICH HAS ALSO BEEN HELD AS BINDING IN OTHER TENNESSEE FEDERAL DISTRICT COURTS………………………………………………….3

        A.    Doe v. Rausch, 382 F.Supp.3d 783 (E.D. Tenn. 2019)…………3

        B.    Doe v. Rausch, 461 F.Supp.3d 747 (E.D. Tenn. 2020)…………7

CONCLUSION…………………………………………………………………...10

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS……………………11

CERTIFICATE OF SERVICE……………………………………………………12

# **TABLE OF AUTHORITIES**

**Cases:**
*Doe v. Rausch*,
     382 F.Supp.3d 783 (E.D. Tenn. 2019)……………………………..3, 4, 5, 6, 7

*Doe v. Rausch*,
     461 F.Supp.3d 747 (E.D. Tenn. 2020)…………………………………..8, 9

*Doe v. Snyder*,
     834 F.3d 696, 699 (6th Cir. 2016)……………………………………….1, 3

*Smith v. Doe*,
     538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003)………….………….4

**Statutes, Rules and Other Authorities:**

**Statutes:**
*Tenn. Code Ann. §40-39-207(g)(1)(C) (West 2023)*………………………………4

**Rules:**
*Fed. R. App. P. 29 (West 2023)*…………………………………………………...1

*Fed. R. App. P. 29(a)(4)(E) (West 2023)*……………………………………….2

*Fed. R. App. P. 32(a)(5) (West 2023)*……………………………………………11

*Fed. R. App. P. 32(a)(6) (West 2023)*……………………………………………11

*Fed. R. App. P. 32(a)(7)(B) (West 2023)*………………………………………...11

## INTEREST OF AMICUS CURIAE

In this case, the Appellants request this Court to overrule its binding precedent of *Doe v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016), restore pre-*Snyder* case law that clearly has no further application, and foreclose any aggrieved party from ever challenging the application of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Trafficking Act ("Act") of 2004 and its various amendments. This request has no legal merit. The Amicus Curiae Doe joins with the Appellees in requesting this Court uphold *Snyder* and the decision of the Middle District of Tennessee in Case No. 3:21-cv-590.

The Amicus Curiae Doe is currently a Plaintiff in a lawsuit filed in the United States District Court for the Eastern District of Tennessee styled *John Doe, Plaintiff v. David B. Rausch*, *Director of the Tennessee Bureau of Investigation*, *in his Official Capacity*, Case No. 3:20-cv-407. Doe has challenged the application of a 2014 Amendment to the Act which requires any person whose victim was 12-years of age or younger at the time of the offense to remain on the sex offender registry for life. By agreement with the Defendant the case is currently on hold pending the decision in this appeal. Thus, Doe has a significant interest in the outcome of this case and standing to submit an Amicus Brief. *See, Fed. R. App. P. 29*.

## AMICUS CURIAE STATEMENT REQUIRED BY
## FED. R. APP. P. 29(a)(4)(E)

The Amicus Curiae Doe provides the following statement as required by Fed. R. App. P. 29(a)(4)(E):

1. Doe's counsel has authored this Amicus Brief.

2. No party or party's counsel contributed money that was intended to fund preparing or submitting the brief.

3. No persons – other than the amicus curiae, its members, or its counsel – contributed money that was intended to fund preparing or submitting this brief. brief.

*Fed. R. App. P. 29(a)(4)(E) (West 2023)*.

## INTRODUCTION

The Amicus Curiae Doe is currently a Plaintiff in a case pending before the United States District Court for the Eastern District of Tennessee, Case No. 3:20-cv-407. Doe is challenging the application of a 2014 Amendment to Tennessee's Sex Offender Act which imposed lifetime reporting restrictions on him as a violation of the Ex Post Facto Clause. Doe submits this Amicus Brief in support of the Appellees but limits his discussion to the Ex Post Facto issue.

For reasons set forth herein, Doe joins the Appellees in requesting this Court affirm the decision of the Middle District of Tennessee.

# ARGUMENT

## I. THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE PROPERLY APPLIED THE BINDING PRECEDENT OF *DOE V. SNYDER* WHICH HAS HELD BINDING IN OTHER TENNESSEE DISTRICT COURTS

The District Court for the Middle District of Tennessee was correct in its decision. The Plaintiffs and their counsel have done a superb job explaining why this Court's decision in *Doe v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016) controls the outcome of this appeal. The *Snyder* decision is so well engrained as precedent that it has been consistently applied in other district courts to similar factual situations.

The Plaintiff Doe in the current Eastern District of Tennessee case submits this brief for the limited purpose of bringing to this Court's attention additional well thought out opinions from the Eastern District of Tennessee where the Court found the *Snyder* analysis controlling.

### A.   Doe v. Rausch, 382 F.Supp.3d 783 (E.D. Tenn. 2019)

In *Doe v. Rausch*, 382 F.Supp.3d 783 (E.D. Tenn. 2019), the Eastern District held that a 2014 Amendment to Tennessee's sex offender registry law was an unconstitutional ex post facto law as applied to the Plaintiff. In that case, the Plaintiff Doe was convicted in the neighboring state of North Carolina in 2006 of a sex offense with a victim described as eleven (11) years old. *Id.* at 788. He was required to and did register on North Carolina's sex offender registry. *Id*. At the time he was told he would be on the registry for ten (10) years. *Id*.

3

*Doe* relocated to Tennessee, registered as a sex offender, and remained in compliance with his reporting and other obligations. *Id*. In 2016, he requested that the TBI remove him from the registry. *Id.* That request was denied. The TBI cited a 2014 amendment to Tenn. Code Ann. §40-39-207: *Id*.

> (g)(1) An offender required to register under this part shall continue to comply with the registration, verification, and tracking requirements for the life of that offender:…
> (C)    Has been convicted of an offense in which the victim was a child of twelve (12) years of age or less.

*Tenn. Code Ann. §40-39-207(g)(1)(C) (West 2023)*.

The Eastern District analyzed in detail this Court's *Snyder* opinion and the application of the Mendoza-Martinez factors, and the United States Supreme Court opinion of *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). The Court also found that pre-*Snyder* case law did not govern the outcome.

> "The Court finds it appropriate to begin the analysis with the Supreme Court's decision in [*Smith*]. In *Smith*, the Court considered whether the registration and notification requirements of Alaska's sex offender registry law violated the Ex Post Facto Clause. In doing so, the Supreme Court established the framework for considering such challenges by applying what has been described as an intent-effects test: (1) did the legislature intend to impose punishment; and (2) if not, is the statutory scheme so punitive in either purpose or effect as to negate [the State's] intention to deem it civil."

*Id.* at 793.

While assuming that the 2014 amendment was not intended to impose punishment, the court found:

4

> "In analyzing the effects of the Act, the Supreme Court has instructed lower courts to consider five, non-exhaustive factors:
> (1)  Does the law inflict what has been regarded in our history and traditions as punishment?
> (2)  Does it impose an affirmative disability or restraint?
> (3)  Does it promote the traditional aims of punishment?
> (4)  Does it have a rational connection to a non-punitive purpose?
> (5)  Is it excessive with respect to this purpose."

*Id*. at 794.

The District Court then turned to *Snyder* and its review of 2006 and 2011 amendments to Michigan's sex offender registry law which prohibited registrants from living, working or loitering within 1,000 feet of a school, and classified registrants into three tiers. *Id*. The Eastern District found the *Snyder* court determined the statute was effectively punitive: "[T]he Snyder court summarized its conclusions as follows:

> "A regulatory regime that severely restricts where people can live, work and loiter, that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting, all supported by – at best – scant evidence that such restrictions serve the professed purpose of keeping Michigan's communities safe is something altogether different and more troubling than Alaska's first-generation registry law. SORA brands registrants as moral lepers solely on the basis of a prior conviction. It consigns them to years, if not a lifetime, of existence on the margins, not only of society, but often, as the record in this case makes painfully evident, from their own families, with whom due to school zone restrictions, they may not even live. It directly regulates where registrants may go in their daily lives and compels them to interrupt those lives with great frequency in order to appear in person before law enforcement to report even minor changes in their information."

*Id*.

\*\*\*

The Court continued:

"Defendant points to earlier challenges to Tennessee's sex offender registry law. *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999); and [*Doe*] v. *Bredesen*, 507 F.3d 998 (6th Cir. 2007) which held that the Act did not violate the Ex Post Facto clause. However, as Plaintiff's counsel correctly notes, **those cases involved earlier versions of the Act, fairly described as first generation registry laws which simply required sex offenders to register.**" (emphasis added)

*Id.*

\*\*\*

"Tennessee's Act has been substantively amended several times since those decisions including the 2014 Amendment at issue in this case. Many of those amendments have imposed restrictions on where registrants can live, work, or be upon or remain or stand, sit idly or remain. Thus, the Court does not find that *Cutshall* and *Bredesen* automatically foreclose the instant challenge."

*Id*.

\*\*\*

"Defendant also argues that *Snyder* is not controlling, but his Court cannot summarily disregard binding precedent from the Sixth Circuit. Defendant is correct that the plaintiffs in *Snyder* challenged several provisions of the Michigan sex offender statutes, whereas the instant case deals with a challenge to the Tennessee sex offender law and those laws are not identical. And, Defendant is also correct that there are factual differences in the impact of the Tennessee statute on the Plaintiff and the impact of the Michigan statute on the *Snyder* plaintiffs. Further the Court notes that the instant case challenges one provision of the Act – the 2014 Amendment which retroactively requires Plaintiff to comply with all other provisions of the Act for life. Nonetheless, the Court finds that a careful review of the analysis in *Snyder* – and other authority – as it relates to the instant case is appropriate."

*Id*.

The Eastern District went through the Mendoza-Martinez factors and found that the 2014 Amendment violated the Ex Post Facto Clause as applied to the Plaintiff *Doe*:

> "In sum, the Court concludes that the actual effect of lifetime compliance with the Act is punitive as it relates to Plaintiff. The Act has limited where he can live, work, gather with family, and travel without any individualized assessment of whether those restrictions are indeed necessary to protect the public from any future crimes he may commit. There has been no showing that the benefits to the State outweigh the negative consequences to the Plaintiff. There has been no individualized attempt to justify the continued imposition of those restrictions on Plaintiff for life. Moreover, the State has not presented any countervailing evidence to refute the Plaintiff's 'clearest proof' of the punitive effects of the Act on him. The Court finds that the retroactive imposition of lifetime compliance with the Act is an unconstitutional Ex Post Facto Law."

*Id*. at 799.

### B. Doe v. Rausch, 461 F.Supp.3d 747 (E.D. Tenn. 2020)

In a factually similar case just a year later, a different judge also found that pre-*Snyder* decisions were no longer controlling. In *Doe v. Rausch*, 461 F.Supp.3d 747 (E.D. Tenn. 2020), the Plaintiff had pled guilty to seven counts of aggravated sexual battery involving 3 minor victims. *Id*. at 755. The Plaintiff was sentenced to 5 ½ years in prison and required to register as a sex offender. *Id*. at 755 – 56. After 10 years, he could petition the court to be removed from the registry. *Id*. at 756.

While he was still serving his sentence, the Tennessee General Assembly repealed the prior sex offender registry law and replaced it with the 2004 "Act". *Id*. Under the Act the enumerated offenses included aggravated sexual battery which

classified the Plaintiff as a "violent sexual offender" and subjected him to lifetime registration. *Id*.

The Eastern District again found an Ex Post Facto Law violation:

> "Here, the Court concludes that the effect of lifetime compliance with SORVTA is punitive as it relates to Plaintiff. SORVTA has hampered his employment opportunities, prevented him from finding an alternative residence, and demanded onerous reporting requirements without an individualized assessment of whether those requirements and restrictions are necessary to protect he public from Plaintiff. Defendant has not shown that the benefits of SORVTA to the State of Tennessee outweigh the negative consequences to the Plaintiff. Further, Defendant has not provided an individualized justification for the imposition of SORVTA's burdens for the remainder of Plaintiff's life. Further still, Defendant has suggested that ease of parking and helpful law enforcement officers have mitigated SORVTA's burdens, rather than meeting Plaintiff's "clearest proof" of the punitive effects that SORVTA has had."

*Id*. at 768 – 69.

Notably, like the prior 2019 opinion cited above, the Eastern District questioned the continued viability of the caselaw that the Defendants in this appeal are relying on:

> "Likewise, though the Sixth Circuit has upheld SORVTA and its predecessor in the face of similar constitutional challenges, it has since found Michigan's parallel scheme to be unconstitutional as applied to a select group of plaintiffs, therein clarifying the analysis that must be employed when addressing these types of claims."

*Id*. at 759.

\*\*\*

"In sum, SORVTA, in its current form, is no longer of the same character of the iterations that were upheld by the Sixth Circuit. Likewise, Sixth Circuit

8

precedent since *Cutshall* and *Bredesen* has clarified the analysis this Court must apply."

*Id*. at 760.

These well-reasoned opinions from the Eastern District of Tennessee are additional examples of the ways that Tennessee sex offender registry has changed. Those changes and this Court's guidance from the *Snyder* opinion leads to the logical conclusion that the Middle District of Tennessee was correct in its decision in this appeal. The Plaintiff Doe urges this court to affirm that decision.

## **CONCLUSION**

The Amicus Curiae respectfully requests that this Court affirm the decision of the United States District Court for the Middle District of Tennessee.

Respectfully submitted this 21st day of August 2023

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
2633 Kingston Pike, Ste. 100
Knoxville, Tennessee 37919
Phone: (865) 357-9800
Fax: (865) 357-9810
e-mail: mbrown@menefeebrown.com

*Attorney for the Amicus Curiae John Doe*

# **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) as, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this document contains 2,238 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) as this document has been prepared in a proportionally spaced typeface using Times New Roman – 14-point type. This document was prepared using Microsoft Word 2010. *Fed. R. App. P. 32(a)(5) (West 2023); Fed. R. App. P. 32(a)(6) (West 2023); Fed. R. App. P. 32(a)(7)(B) (West 2023)*.

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
*Attorney for the Amicus Curiae John Doe*
DATED: August 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2023, a true and exact copy of this document has been served via this Court's electronic filing system. Service is made on all parties appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown